## CITY OF EAST ST. LOUIS ET AL.

### v.

## L. M. RUMSEY MANUFACTURING COMPANY.

*Municipal Corporations—Bill to Reform Warrant Drawn on Wrong Fund in City Treasury—Necessary Allegations and Proof.*

1.  Upon a bill filed to reform a warrant drawn in favor of complainant on a city treasury, but, by mistake, designating the wrong fund out of which the warrant should be paid, this court holds that the complainant should have alleged and proved that there were in the hands of the treasurer, funds applicable to the purpose, sufficient to meet the order.

2.  If the state of a city's finances are such that its council can not lawfully authorize the issue of a warrant at the time it is issued, a court of equity will not reform the same when it has been unlawfully ordered and incorrectly issued.

### [Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. C. SNYDER, Judge, presiding.

Mr. F. G. COCKRELL, for appellants.

Messrs. R. W. ROPIEQUET, C. P. KNISPEL and W. P. LAUNTZ, for appellee.

PHILLIPS, J. This is a bill to reform a warrant drawn on the city treasurer of East St. Louis, in favor of appellee, on the order of the city council. The facts, as averred in the bill, show that in 1886 the city council of East St. Louis passed its annual appropriation ordinances, appropriating, among other funds, a " street and alley fund," and a " fire apparatus fund."

During that year certain hose was purchased for the city and the city became indebted to the appellees in the sum of $3,400.

On January 22, 1887, a warrant was issued, signed by the mayor and countersigned by the city clerk, for $3,400, which

warrant ordered the payment of that sum to appellee by the city treasurer. The warrant directs: "From the taxes of the year 1886, appropriated and levied for the street and alley fund, when collected by you, pay," etc.

The bill charges that the city clerk, by mistake, drew the warrant on the street and alley fund instead of on the fire apparatus fund, and that by reason of such mistake, payment was refused. Further charges that Renshaw is city treasurer and that a large sum of money belonging to the fire apparatus fund has come into his hands as treasurer, but the amount thereof complainant is unable to state, and charges insolvency of John W. Renshaw. The bill avers the city is and has been indebted for many years beyond the limit of five per cent, and prays that the mistake in the warrant be corrected so that it be drawn against the proper fund, and an injunction be issued restraining the treasurer from paying out any of the fire apparatus fund, except on warrants already issued.

The court decreed a reformation of the warrant and made the injunction perpetual as to any part of the fire apparatus fund in existence at the time of the original injunction.

There is in this record no proof that at the time this warrant was drawn there was in the hands of the city treasurer any money belonging to the fire apparatus fund; nor is there any averment that any taxes were already levied by the city council of East St. Louis for the payment of the ordinary and necessary expenses of the municipality.

The testimony of the deputy collector shows taxes collected for the year 1886 for the city of East St. Louis and paid over to the city treasurer, to the time of hearing on this bill, the sum of $57,997.39. He further testified that the tax levied was $64,293.40. The appropriation ordinance offered in evidence appropriated $113,056 for all necessary expenses and liabilities of the city for the fiscal year beginning July 1, 1886. Of this amount $7,000 was appropriated for fire apparatus, being but little more than six per cent of the amount appropriated.

The amount of the tax levy, even to admit the testimony of the deputy collector as being sufficient evidence of that

fact, if tax anticipated, and warrants drawn in accordance with Section 2, Chapter 146, Revised Statutes, would not authorize the issue of this warrant to the amount of $3,400. It can not be claimed that the amount of the tax levy as appropriated for the "fire apparatus fund" is a greater per cent than the proportion the fire apparatus fund bears to the whole amount appropriated. The proportion of the "fire apparatus fund" would be less than $4,000, and the per cent allowed by Section 2 of Chapter 146, Revised Statutes, would not authorize an anticipation of the taxes to as great an amount as $3,000, yet this warrant is for $3,400.

This bill is fatally defective in not averring money in the hands of the treasurer, or a tax levy against which the warrant could be drawn for this amount, at the time it was issued.

Even if issued to be paid out of the "fire apparatus fund," one of these two facts must exist or it would be invalid. Chapter 146, Rev. Statutes, Ill.

And where its correction is sought from a court of chancery, the averments of the bill and the evidence thereunder must show a state of facts that authorized its issue in the first place, before it could be corrected.

The parol declaration of the mayor, clerk or treasurer can not in any way affect the rights of the city.

The decree can not be sustained. The decree is reversed and the cause remanded.

*Reversed and remanded.*